(C.D. 3465)

MONTGOMERY WARD & CO., INCORPORATED *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 10, 1968)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General (*Arthur E. Schwimmer*, trial attorney), for the defendant.

Before RICHARDSON and LANDIS, Judges

RICHARDSON, Judge: The merchandise of these consolidated protests consists of cameras and cases exported in cardboard boxes from Japan and entered at Los Angeles, California. The question at bar concerns the propriety of a 10 percent additional marking duty which was assessed against the involved importations on the ground that the importer failed to comply with the marking requirements of 19 U.S.C.A., section 1304 (section 304, Tariff Act of 1930, as amended).

The evidence adduced at the trial established that the immediate

containers (the cardboard boxes) in which the cameras were imported were not marked with the country of origin. During the course of the trial it was stipulated by the parties that the cameras were marked in accordance with the requirements of section 1304. The importer contended that inasmuch as the cameras were properly marked, the requirements of section 1304 were complied with, and in its brief pointed out that prior to an amendment in 1938 section 1304 provided for the marking of the merchandise *and* its container, but court decisions had construed the context of the section and its legislative history to indicate that if either the article *or* its container be properly marked, the 10 percent duty was not to be assessed. (*Kraft Phenix Cheese Corp.* v. *United States*, 22 CCPA 111, T.D. 47103, and *Givaudan Delawanna* v. *United States*, 22 CCPA 115, 119, T.D. 47104.) The plaintiff also pointed out that by amendment in 1938 section 1304 was changed to provide for the marking of the article *or* its container, and that the marking of the cameras *per se* satisfied all of the requirements of section 1304.

Defendant conceded that the merchandise was properly marked in accordance with section 1304; and pursuant to Customs Court Rule 33 requested leave of the court not to file a brief, which request was granted.

Upon the facts and the applicable law in this case, the protests are sustained and no additional duties accrued upon the importation of the subject merchandise.

Judgment will be entered accordingly.